DA 08-0599

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 308N

SARAH ELIZABETH RIDDLE,

      Petitioner and Appellee,

v.

DAVID JOHN GUNSCH,

      Respondent and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADR 08-534
Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          David John Gunsch, self-represented litigant, Sheridan, Oregon

      For Appellee:

          Sarah Elizabeth Riddle, self-represented litigant, East Helena, Montana

Submitted on Briefs:  August 18, 2009

Decided:   September 15, 2009

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 David John Gunsch appeals from an order of the First Judicial District, Lewis and Clark County, granting Sarah Elizabeth Riddle an Order of Protection.

¶3 On September 16, 2008, Riddle petitioned the District Court for a Temporary Order of Protection against Gunsch pursuant to § 40-15-201, MCA. Riddle was granted a Temporary Order of Protection until a hearing scheduled for October 2, 2008. After the hearing, the District Court granted a Permanent Order of Protection effective until October 1, 2011, pursuant to § 40-15-204, MCA.

¶4 On appeal, in a conclusory fashion, Gunsch asks this Court to make a factual determination contrary to that of the District Court. He believes the Permanent Order of Protection has no basis in fact. In response, Riddle reiterates that she is afraid for her life and believes Gunsch is a threat to her.

¶5 Gunsch offers no legal argument as to why the District Court's decision should be reversed. Essentially, Gunsch asks this Court to make a factual determination contrary to that of the District Court. The Montana Supreme Court is not a fact-finding court. We

2

review the district court's findings of fact to determine whether they are clearly erroneous. *State v. Brendal*, 2009 MT 236, ¶ 11, 351 Mont. 395, 213 P.3d 448.

¶6 Gunsch offers no legal argument as to why the District Court's decision should be reversed. Our review of the entire record reveals that the District Court's findings of fact are not clearly erroneous and the District Court's legal conclusions are correct. The District Court did not err in granting Riddle an Order of Protection against Gunsch.

¶7 Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE